OPINION

**David WADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49032.**

Court of Criminal Appeals of Texas.

Sept. 24, 1974.

David E. Pickett, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

GREEN, Commissioner.

This appeal is from an order revoking probation.

Appellant was convicted on June 28, 1972, of assault with intent to murder. Punishment was assessed at ten (10) years, probated. A condition of the probation was that appellant commit no offense against the laws of this or any other State, or of the United States.

On January 24, 1974, the State filed a motion to revoke probation, alleging that on January 21, 1974, appellant had committed the offense of attempted theft of Tommy Register.

Appellant, in his sole ground of error, alleges that the court abused its discretion in revoking probation "as the cause for revocation was not established by the evidence."

Tommy Register testified that at about 2:00 P.M., January 21, 1974, in Dallas, he was assisting a blind boy at a bus stop when appellant appeared and accused him of hitting the boy. Appellant appeared to be drunk. In an attempt to avoid trouble, Register walked up the street toward S. L. Green's store. Appellant followed him, pushed him against a wall, and said, "Well, give me $2.00 and I'll leave you alone." When Register told appellant he had only forty cents, appellant said, "Well, give me that and I'll leave you alone" and "threatened that if I didn't give it to him, you know, he would go further." Register testified that appellant threatened him with his fists, and started shoving him around, and that appellant placed him "in fear of imminent bodily injury." At that time, the security guard for Green's store appeared and placed appellant under arrest on a drunk charge.

Hall, the security guard, testified that he was called to the scene by the store's owner. He noticed that appellant and Register

were having an argument, and he arrested appellant for drunkenness.

Appellant testified that he was too drunk to remember what happened. He testified that he was the defendant who had been convicted and given probation in the case.

The actions of appellant made the basis of the revocation of probation occurred after the Penal Code enacted in 1973 became effective.

Section 31.02 of that Vernon's Ann. Texas Penal Code effective January 1, 1974, provides:

"Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretense, conversion by a bailee, theft from the person, shoplifting, *acquisition of property by threat,* [1] swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property." (Emphasis added)

Section 31.03 of the new code, under the heading of THEFT, reads in part:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real estate, unlawfully.

"(b) Obtaining or exercising control over the property is unlawful if:

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or . . . ."

Section 31.01(4) provides that consent is not effective if "(A) induced by deception or coercion."

One of the definitions of "coercion" set forth in Sec. 31.01(1) is "a threat, however communicated: (A) to commit an offense."

Since the motion to revoke alleged and the evidence showed an attempt to commit the offense of Theft as defined in the foregoing statutes, we quote from Sec. 15.01 of the new Penal Code as follows:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

Appellant argues that since the evidence shows that he was intoxicated on this occasion, there is insufficient evidence to prove that he knowingly and intentionally placed Tommy Register in fear of imminent bodily injury or death, as alleged in the motion.

Subsection (a) of Section 8.04 of the 1973 Penal Code provides that "Voluntary intoxication does not constitute a defense to the commission of crime."

The evidence is sufficient to prove that appellant attempted to obtain and exercise control over Register's money without Register's "effective consent" by coercion; i. e., a threat to commit an offense. Register testified that he was placed in fear of imminent bodily injury.

The trial court did not abuse his discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.

1. See Article 1409, V.A.P.C., repealed by this Code.